



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 2, 1939

Honorable E. H. Thornton, Jr.
Chairman, Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. 0-733
Re: Authority of Legislature
to appropriate money in
payment of deficiency war-
rant issued by Governor
for purpose of erecting
major building on campus
of John Tarleton College.

By your letter of May 1, with further reference
to the matter which was the subject of our opinion
No. 0-632, rendered on April 14, 1939, you make the
following statement, in substance, of the facts involved:

Two years ago the general appropriation bill
originally considered by both Houses of the Legislature
contained an item of $75,000 for the erection of a
building on the campus of John Tarleton College. Be-
tween the time the bill went to the conference committee
and the time it was placed on the Governor's desk for
his signature, this item was deleted from the bill. On
August 31, 1937, upon application by the dean of John
Tarleton College, the Governor issued a deficiency
warrant in the amount of $75,000 for the purpose of
erecting the aforementioned building. At this time
the Governor had not, and did not by this deficiency
warrant, exceed the $200,000 limitation placed in
Article 4351 of the Revised Statutes of Texas and Article
3, Section 49 of the Constitution of Texas.

You further state that at the time the defic-
iency warrant was authorized to be issued by the Governor,
there was no pre-existing valid law authorizing the
erection of this building.

Hon. E. H. Thornton, Jr., May 2, 1939, Page 2.

You ask the opinion of this Department upon the question as to whether or not the Legislature, under the foregoing state of facts, now has the authority to appropriate the sum of $75,000.00 for the purpose of paying the deficiency warrant aforementioned.

Article 3, Section 44 of the Constitution of the State of Texas, provides in part as follows:

"The Legislature ... shall not grant ..., by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; ..."

Public offices and officers are creatures of the law, and their powers and duties are necessarily defined and limited by law. A contract entered into by a public officer for the State, without express or implied authority conferred upon that officer by law to make the particular contract, gives rise to no such legal obligation as would be enforced by the courts against the State, in the event the Legislature should permit the state to be sued. A claim founded upon a contract thus made without the authority from the State to the officer to make it, is not a claim provided for by pre-existing law, and therefore falls within the condemnation of the Article of the Constitution of the State of Texas above referred to. Fort Worth Cavalry Club vs. Sheppard (Supreme Court), 83 S. W. (2d) 660.

Article 112 of the Penal Code of the State of Texas provides that any member of a governing board of any educational institution who shall contract or provide for the erection of a building or other improvement not authorized by specific legislative enactment, or by written direction of the Governor acting under and consistent with the authority of existing laws, shall be imprisoned in jail not less than ten days nor more than six months.

Article 2613a-1, as amended, Acts 1933, Forty-third Legislature, 1st Called Session, page 195, Chapter 73, Section 1, provides:

"The Board of Directors of the Agricultural and Mechanical College of Texas is

Hon. E. H. Thornton, Jr., May 2, 1939, Page 3.

> hereby authorized to contract with persons,
> firms, or corporations for the purchase of,
> or the acquisition of, or the erection of per-
> manent improvements on or conveniently located
> in reference to the campus of said college, or
> to the campuses of any or all of its branch
> institutions, and to purchase, sell, or lease
> lands and other appurtenances for the construc-
> tion of such permanent improvements, provided
> that the State of Texas incurs no indebtedness
> under the contract."

Article 4351 gives the Governor of the State of Texas authority to approve the issuance of deficiency warrants only at the instance of persons entrusted by the State with the power or duty of contracting for sup- plies, or in any manner pledging the credit of the State for any deficiency that may arise under their management or control. It follows that if the person applying to the Governor for a deficiency warrant approval has not been entrusted by the State with the power of pledging the credit of the State for the particular deficiency which is the basis for the issuance of the warrant, the Governor lacks the power under Article 4351 to approve the issuance of the deficiency warrant.

The officials of the educational institution referred to being without authority from the State to pledge the credit of the State for the erection of the building referred to, the act of the Governor in approv- ing the issuance of the deficiency warrant is wholly in- effective to give any validity to such unauthorized contract, regardless of the fact that the $200,000 debt limit imposed by statute and by the Constitution was not exceeded by the issuance of the deficiency warrant referred to.

We, therefore, answer that the Legislature is without authority to appropriate money in payment of the deficiency warrant issued by the Governor, under the circumstances and for the reasons given above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R W Fairchild

R. W. Fairchild
Assistant

RWF:PBP

APPROVED:

ATTORNEY GENERAL OF TEXAS